Philip R. Brand, Hedwig B. Gottfried, and Alfred Brand, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 8432, 8553, 8572. Decided October 30, 1926.

Valuation of property acquired by devise.—Evidence respecting the value of properties acquired by the petitioners by devise as of March 24, 1916, *held* to be too indefinite and uncertain to warrant us in overthrowing the values determined by the Commissioner.

*R. A. Gallagher, Esq.*, for the petitioners.
*J. W. Fisher, Esq.*, for the respondent.

Each of the three above-named petitioners complained of deficiency letters dated September 4, 1925, asserting deficiencies in income taxes against each of the respective petitioners, as follows:

| | 1920. | 1921. |
|---|---|---|
| Philip R. Brand | $279.90 | $654.41 |
| Hedwig B. Gottfried | 87.01 | 299.64 |
| Alfred Brand | 529.92 | 1,296.28 |

The issue presented for our consideration is, What was the true value of certain properties acquired by the petitioners by bequest from their father on March 24, 1916, which must be used as a basis for ascertaining the question of gain or loss on the sale of such properties in the years 1919 and 1920?

By agreement of all parties the three actions were consolidated for hearing and decision.

### FINDINGS OF FACT.

The three petitioners are individuals residing at Chicago, Ill.

Each taxpayer acquired a one-third interest in certain property by bequest and devise from their father, Rudolph Brand, who died on March 24, 1916. To facilitate and equalize the distribution of this property to the heirs, a partnership, known as the Brand Heirs Trust, was formed on July 6, 1917, consisting of the three petitioners named herein. The sales of the assets of the partnership were to be effected at prices agreeable to the members thereof and distribution of the amount realized made in cash. Each partner was to share equally with the others in the profits and losses. Approximately 60 per cent of the assets of the partnership consisted of real estate, improved and unimproved, and the balance consisted of personal property.

During the years 1920 and 1921 sales of real estate were made as follows:

| | Petitioners' valuation as of Mar. 24, 1916. | Special assessments paid between Mar. 24, 1916, and date of sale. | Commissions and other selling expenses. | Selling price. | Commissioners' valuation as of Mar. 24, 1916. |
|---|---|---|---|---|---|
| *Properties sold during the year 1920* | | | | | |
| Group A—4 lots in Rose Park subdivision | $3,125.00 | $538.20 | $94.40 | $3,000.00 | $3,060.00 |
| Group B—3 lots in Blue Island | 750.00 | 57.72 | 143.70 | 750.00 | 495.00 |
| Group C—Palos farm, 132.8 acres | 84,770.00 | | 4,540.50 | 72,490.00 | 60,000.00 |
| | 88,645.00 | 595.92 | 4,778.50 | 76,240.00 | 63,555.00 |
| *Properties sold in 1921.* | | | | | |
| Group D—1 lot Hale subdivision | 500.00 | 68.92 | 4.50 | 650.00 | 600.00 |
| Group E—1 lot in Blue Island | 600.00 | 11.67 | 149.50 | 700.00 | 200.00 |
| Group F—4 lots in Blue Island | 1,000.00 | 178.97 | 110.25 | 1,225.00 | 620.00 |
| Group G—Murphy farm 155¼ acres | 41,771.25 | | 759.44 | 40,000.00 | 24,000.00 |
| | 43,871.25 | 259.56 | 1,023.69 | 42,575.00 | 25,420.00 |

In the foregoing tabulation, the figures of special assessments, selling expenses and selling price were established either by evidence or by agreement of the parties to these proceedings. The Commissioner's valuations as of March 24, 1916, as to all the properties except the Palos Farm, Group C, are the values stated in an appraisal made for the purposes of the Illinois state inheritance tax. The Commissioner's valuation as of March 24, 1916, for the

Palos Farm was $60,000, which amount is in excess of the valuation for state inheritance tax purposes. The valuations as of March 24, 1916, claimed by the petitioners are the result of an appraisal made in the year 1922 as of March 24, 1916, by an experienced real estate agent and dealer of Chicago.

### OPINION.

TRUSSELL: At the trial of these actions the petitioners produced as a witness the same real estate dealer who made the appraisals upon which the petitioners rely and which they claim to be the true values as of March 24, 1916. This witness' testimony respecting the properties described in groups A, B, D, E and F does not convince us of the value claimed, and we must, therefore, conclude that the Commissioner's valuations are representative of the true values on the date when the properties were acquired by the petitioners.

As to the properties included in groups C and G, the witness' testimony shows that these properties are farms in the environs of the City of Chicago, and the witness testified that during the years 1915, 1916 and 1917, various farms somewhere in the near neighborhood had been acquired for the Chicago Forest Preserve and that such farms had been purchased at various prices ranging from $250 to $500 per acre. None of the farms so purchased for the forest preserve were identified, either as to location, character of land, or improvements, nor did the witness state how far any of such forest preserve property was from the properties here under consideration. The witness' valuation of the Palos Farm was, land $59,760, improvements $25,010, which is the equivalent to about $452 per acre, exclusive of the improvements, and his description of the farm indicated that he regarded it in the light of a gentleman's farm and that much of the cost of improvements was in landscaping and shrubberies, which might be of special value to the owner causing them to be made, but of little value to a buyer, and would add little to the general market value of the property.

This witness' valuation of Group G, the Murphy Farm, was, land $34,931.25, improvements $6,840. This value placed upon the land is the equivalent of approximately $225 per acre, exclusive of the improvements, and he described the farm as being poor farm land, very little tillable, and the buildings as being hardly worth talking about.

There were also introduced in evidence certificates of appraisal made by the valuation committee of the Chicago Real Estate Board in 1924, as of March 24, 1916, of which valuation committee the

witness hereinabove described was a member. The aggregate of values shown by these certificates is slightly in excess of the values claimed by the petitioners.

In view of all the testimony which we have here briefly summarized, we have arrived at the conclusion that it is not of such a character as will warrant us in overthrowing the values determined by the Commissioner, and we are of the opinion that the gain or loss upon the sale of each of the several groups of property herein under consideration must be computed on the valuations determined by the Commissioner as of March 24, 1916, plus the special assessments paid by the petitioners between that date and the date when the properties were sold, and the selling price less selling expenses, as hereinabove shown.

> *A redetermination of deficiencies in each case will be made upon 15 days' notice, pursuant to Rule 50, and judgment entered thereon in due course.*